UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA      :
     :
v.      : CASE NO. 2:11-cr-92-FtM-29DNF
     :
ALBERT MICHAEL MOORE      :

## PLEA AGREEMENT

A.    **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, Albert Michael Moore, and the attorney for the defendant, Jose L. Calvo, mutually agree as follows:

     1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Counts One charges the defendant with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1) and Section 924(a)(2).

     2.    Maximum Penalties

Count One is punishable by a maximum term of imprisonment of 10 years, without parole, a fine of up to $250,000, a term of supervised release of up to 3 years, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Defendant's Initials   _AM_

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of

the offense with which defendant has been charged and to which defendant is pleading

guilty.  The elements of Count One are:

First:        That the defendant knowingly possessed a firearm in or

              affecting commerce, as charged; and

Second:       That before he possessed the firearm the defendant had

              been convicted in a court of a crime punishable by

              imprisonment for a term in excess of one year, that is, a

              felony offense.

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with committing

any other federal criminal offenses known to the United States Attorney's Office at the

time of the execution of this agreement, related to the conduct giving rise to this plea

agreement.

5.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United States

Sentencing Guidelines.  The parties understand that such a recommendation is not

binding on the Court and that, if it is not accepted by this Court, neither the United

States nor the defendant will be allowed to withdraw from the plea agreement, and the

Defendant's Initials _AM_                    2

defendant will not be allowed to withdraw from the plea of guilty.

6.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to make a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other

Defendant's Initials _AM_                3

matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining

Defendant's Initials _____*AM*_____                    4

the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

    9.   <u>Cooperation - Responsibilities of Parties</u>

    a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

    b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

    (1)   The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

    (2)   The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

    (3)   The government may use against the defendant the

Defendant's Initials   _AM_          5

defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(4)     The defendant will not be permitted to withdraw the guilty pleas to the count to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to the count to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

10.     Abandonment of Property - Firearms

The United States of America and defendant hereby agree that any firearms as defined in Title 18, United States Code, Section 921, seized from defendant in this case and currently in the custody and/or control of law enforcement, were properly seized and are subject to forfeiture to the government according to Title 18, United States Code, Section 924(d) and/or that said firearms constitute evidence, contraband, or fruits of the crime to which he is pleading guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in said firearms to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Bureau of Alcohol, Tobacco, Firearms and Explosives, or other appropriate agency, to cause such firearms to be destroyed or disposed of forthwith, or returned to their rightful owner without further obligation or duty whatsoever owing to defendant. Defendant hereby voluntarily abandons all right and claim to any firearms seized in this case.

Defendant's Initials  _AM_                    6

11.   <u>Forfeiture</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all firearms subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1) which are in the possession or control of the defendant or defendant's nominees, or which have been seized by law enforcement.  The defendant admits and agrees that the conduct giving rise to the Indictment in this case provides a sufficient factual and statutory basis for the forfeiture of property sought by the government.  The assets to be forfeited are the firearms charged in the Forfeiture Count of the Indictment, which firearms are also charged in Count One, thereby making the defendant's interest in said firearms forfeitable to the United States pursuant to Title 18, United States Code, Section 924(d)(1).   Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty.

The defendant hereby waives any double jeopardy challenges that the defendant may have as to any forfeiture actions arising out of the course of conduct that provides the factual basis for the Information in this case.  The defendant hereby waives any double jeopardy challenges that the defendant may have to the charges in this Indictment based upon any forfeiture actions.  The defendant agrees and consents to the forfeiture of said firearms pursuant to any federal criminal, civil, and/or administrative forfeiture action brought to forfeit said firearms.  Forfeiture of the firearms shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials _*AM*_                    7

**B.** **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    Supervised Release

        The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release if the defendant were to be releasee from imprisonment, and that, if the defendant were to violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    Sentencing Information

        The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count

Defendant's Initials _AM_          8

to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the

Defendant's Initials _AM_                    9

attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    5.    <u>Appeal of Sentence-Waiver</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

    6.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal,

Defendant's Initials *AM*          10

state, or local prosecuting authorities, although this office will bring defendant's

cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    7.    <u>Filing of Agreement</u>

        This agreement shall be presented to the Court, in open court or <u>in</u>

<u>camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at

the time of defendant's entry of a plea of guilty pursuant hereto.

    8.    <u>Voluntariness</u>

        The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon any

discussions between the attorney for the government and the defendant and

defendant's attorney and without promise of benefit of any kind (other than the

concessions contained herein), and without threats, force, intimidation, or coercion of

any kind.  The defendant further acknowledges defendant's understanding of the nature

of the offenses to which defendant is pleading guilty and the elements thereof, including

the penalties provided by law, and defendant's complete satisfaction with the

representation and advice received from defendant's undersigned counsel.  The

defendant also understands that defendant has the right to plead not guilty or to persist

in that plea if it has already been made, and that defendant has the right to be tried by a

jury with the assistance of counsel, the right to confront and cross-examine the

witnesses against defendant, the right against compulsory self-incrimination, and the

right to compulsory process for the attendance of witnesses to testify in defendant's

defense; but, by pleading guilty, defendant waives or gives up those rights and there

will be no trial.  The defendant further understands that if defendant pleads guilty, the

Defendant's Initials  _A^1_          11

Court may ask defendant questions about the offense to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offense to which defendant has pleaded and may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

Albert Michael Moore has been convicted of the following felony offenses:

(a)    **Home Invasion Robbery**, in violation of Florida Statutes, Section 812.135, two counts of **False Imprisonment**, in violation of Florida Statutes, Section 787.02, **Aggravated Assault with a Deadly Weapon**, in violation of Florida Statutes, Section 784.021, and **Burglary of a Dwelling**, in violation of Florida Statutes, Section 810.02, crimes punishable by imprisonment for a term exceeding one year, in the Circuit Court, 20th Judicial Circuit, in and for Lee County, Florida, in *State of Florida v. Albert M. Moore*, Case No. 98000742CF, on February 14, 2003;

(b)    **Dealing/Trafficking in Stolen Property**, in violation of Florida Statutes, Section 812.019(1), a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court, 20th Judicial Circuit, in and for Lee County, Florida, in *State of Florida v. Albert Michael Moore*, Case No. 04-CF-015888, on March 18, 2005; and

(c)    **Grand Theft of Motor Vehicle**, in violation of Florida Statutes, Section

Defendant's Initials _AM_                    12

812.014, and **Fleeing or Eluding a Police Officer at High Speed or with Wanton Disregard**, in violation of Florida Statutes, Section 316.1935(3)(a), crimes punishable by imprisonment for a term exceeding one year, in the Circuit Court, 20th Judicial Circuit, in and for Charlotte County, Florida, in *State of Florida v. Albert Michael Moore*, Case No. 07001597F, on February 13, 2009.

On Tuesday, August 30, 2011, LCSO Detective Michael Ellis received information from a confidential informant (CI) that a subject known to him/her as Albert Michael Moore was in possession of stolen firearms and that Moore wanted to sell the stolen firearms. Moore contacted the CI by cell phone for the purpose of asking if the knew of anybody who would like to purchase the firearms. Moore described the firearms to the CI as being rifles and that he had ten guns and wanted to sell all ten for $2,500.00. Moore told the CI that the firearms were stolen from a dwelling in Cape Coral, Florida, but did not provide an address of the alleged burglary. The CI contacted Detective Ellis and notified him of the situation.

On Wednesday, August 31, 2011, Detective Ellis and LCSO undercover Detective Ryan Lowe made contact with the CI. Several controlled calls were made to Moore. During the conversations, Moore told the CI that he was willing to meet with undercover Detective Lowe and the CI to sell the firearms. Moore told the CI that he was helping his brother move and was currently at a storage unit business. Moore provided Detective Lowe directions to his location.

Detective Lowe and the CI drove to the location and made contact with Moore. Moore entered Detective Lowe's vehicle and sat in the rear passenger side of the vehicle. Moore told Detective Lowe the rifles were stored inside his residence. Moore provided Detective Lowe with directions to his residence, located at 617 SW 4th

Defendant's Initials ___*AM*___                    13

Terrace in Cape Coral, Lee County, Florida.

Detective Ellis and LCSO Sgt. Mike Rakestraw monitored the conversation between Detective Lowe, Moore and the CI through audio surveillance. They followed Detective Lowe's vehicle to a residence located at 617 SW 4th Terrace, Cape Coral, Florida. Moore told Detective Lowe to back into the driveway. Moore exited the vehicle and went inside the residence. After a brief moment Moore exited the residence and instructed Detective Lowe to walk to the east side of the residence to a window leading to the interior of the residence. Moore told Detective Lowe that he would retrieve the firearms from inside the residence and pass them through the open window. Moore then returned to the inside of the residence. Detective Lowe and the CI walked to the east side of the residence and waited for Moore to hand Detective Lowe the firearms. After a brief moment, Moore handed the firearms through the window to Detective Lowe. Detective Lowe observed Moore pull out each of the ten firearms from underneath the bed inside the bedroom and then hand pass the weapons through the open window. Detective Lowe received ten firearms/rifles from Moore and placed them inside the truck of his vehicle. Detective Lowe then entered his vehicle and waited for Moore. After a brief moment, Moore exited the residence and returned to Detective Lowe's vehicle. Detective Lowe handed Moore $2,000.00 in pre-recorded funds in exchange for the firearms. Moore instructed Detective Lowe to drive him back to the storage unit business. Detective Lowe agreed and left the residence with Moore inside the vehicle.

LCSO Deputy Jarrod Cantrell, who was informed of the operation, stopped Detective Lowe's vehicle and made contact with Moore, placed Moore in custody, and

Defendant's Initials _AM_                14

transported him to the Lee County Sheriff's Office. Deputy Cantrell searched Moore and recovered $1,900 from Moore's front pocket of Moore. Detective Ellis searched the CI and recovered $100.00 from his/her front pocket. The CI stated that Moore paid him/her $100.00 for helping him/her sell the weapons. The total amount of money recovered during the traffic stop was $2,000.00. The money recovered was later compared to the pre-recorded funds used by Detective Lowe to purchase the ten firearms from Moore. The serial numbers of the funds recovered matched the pre-recorded serial numbers of the funds used for the operation.

The following firearms were possessed by Moore and sold to Detective Lowe: a Charles Daly, 12 Gauge, Semi-Automatic Shotgun, Serial # 5102527, a Maverick by Mossberg, Model 88, 12 Gauge, Pump-Action Shotgun, Serial # MV75658K, a CN Romarm SA/Cugir, Model GP WASR-10, 7.62 x 39mm, Semi-Automatic Rifle, Serial # IH-3357-78, a Maverick by Mossberg, 12 Gauge, Pump-Action Shotgun, Serial # MV48337R, a Marlin, .22 W.M.R., Bolt Action Rifle, Serial # 99381042, an O.F. Mossberg & Sons, Model 352 K, .22, Semi-Automatic Rifle, no visible serial number, a Marlin, Model 336W, .30-30, Lever Action Rifle, Serial # 91079562, a Moisin Nagant, Model 44, 7.62 x 54, Semi-Automatic Rifle, Serial # SN-44-1250, a Mossberg, .410, Pump Action Shotgun, Serial # R686002, and a Ruger, Model 10-22, .22LR, Semi-Automatic Rifle, Serial # 256-92237.

It was confirmed that the firearms were stolen from a residence in Cape Coral. A search by the Cape Coral Police Department of Moore's residence pursuant to a search warrant revealed additional items taken from the victim's home.

The Bureau of Alcohol, Tobacco, Firearms and Explosives determined that all of

Defendant's Initials _AM_            15

the firearms were manufactured outside the state of Florida.  Accordingly, they were

possessed by Moore in or affecting commerce.  Moore has not had his right to possess

firearms restored by the State of Florida.

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea and no

other promises, agreements, or representations exist or have been made to the

defendant or defendant's attorney with regard to such guilty plea.

11.    Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this _18th_ day of May, 2012.

ROBERT E. O'NEILL
United States Attorney


ALBERT MICHAEL MOORE
Defendant

By: _____
JEFFREY F. MICHELLAND
Assistant United States Attorney


JOSE L. CALVO
Attorney for Defendant

By: _____
YOLANDE G. VIACAVA
Assistant United States Attorney


By: _____
NICOLE H. WAID
Assistant United States Attorney
Chief, Fort Myers Division

16